No. 41638.—Petition 5674–R of Newland, Schneeloch & Piek, Inc. (Los Angeles).

McClelland, Presiding Judge: This is a petition for remission of additional duties filed under the provisions of section 489 of the Tariff Act of 1930.

From a comparative reading of the contents of the petition with the testimony reported to be given in support of it, I feel constrained to parallel the following excerpts:

| *From the petition* | *From the testimony* |
|---|---|
| 4. That your petitioner and those employed by it in connection with the importation and entry here in question believed that the entered value was the correct dutiable value required by law. | Q. Are you personally familiar with the invoices covering the merchandise imported by your firm?—A. Yes, sir. * * * |
| 5. That your petitioner's belief that its entered value was correct was based upon its knowledge and experience of market conditions, the knowledge and experience of those in its employ and to such inquiries as were compatible with the nature of its business, the time at its disposal and the circumstances of the case. | Q. Are you personally familiar with the circumstances surrounding the making of entry 9081, on or about April 16, 1937, at the port of Los Angeles?—A. Yes, sir, I am. |
| | Q. Did you personally have charge of the making of this entry?—A. Yes, sir. |
| 6. That neither your petitioner nor anyone employed by it in connection with the importation and entry here in question, had any knowledge at the time of entry, or at any time prior thereto, of any foreign value or export value in the country of exportation at the time of exportation, for the merchandise in question, higher than the value at which the merchandise was entered. | Q. Will you please state to the court the circumstances under which you made this entry?—A. On April 16, 1937, we received a shipment on the S. S. *Haku-basan Maru*, consisting of six cases of dinner ware and 100 cartons of chinaware. The goods were for customers in Los Angeles, and the customers had a special sale on, and it was necessary to hurry the papers up to the customs and have the goods entered. The steamer was expected on the 16th and we received the shipping documents from New York on the 16th through the bank. I personally mailed the letter mailing the documents to our brokers, instructing them to make customs entry. * * * |
| | * * * * * |
| | Q. At the time did you know that there was any difference between the prevailing foreign market value, that is, the export values and the invoice values?—A. Yes, sir, I knew that, but I overlooked it. *I was absolutely aware that part of this shipment was subject to an increase, to raise the value for entry purposes.* [Italics added.] |

I find it difficult adequately to express within proper limit my opinion of such a spectacle as is presented by the foregoing. The petition is signed by the president of the petitioner and on its face the truth of his statements appears to have been duly sworn to by him before a notary public, and the excerpts from the testimony are from the sworn testimony of the import manager of the petitioner. The statements contained in these two excerpts are irreconcilable. That they cannot both be the truth is evident.

The whole record is lacking in merit and therefore wholly insufficient upon which to order the remission of the additional duties involved, and the petition is therefore denied.

DISSENTING OPINION

Brown, Judge: The writer respectfully dissents from the majority opinion in denying the petition for the remission of the penalties here involved. The evi-

dence at the hearing showed conclusively that the oversight on the part of the importer's import manager resulting in the omission to instruct their customs brokers to add to the invoice values 9 percent to cover jobbers' discount on certain items was due entirely to haste in preparing the papers to clear this particular entry for a special sale in Los Angeles, and indicated not the slightest intention to defraud the Government of any part of the revenue due it. It was an advance the importer had been regularly making on the same merchandise on Baltimore entries for several years. The intent to defraud is the only matter which this court may properly consider to determine whether to grant or deny a petition for remission of excess duties or penalties. Badly drawn petition does not constitute fraud on the part of the importer at the time of entry nor transform an unintentional oversight into an intention to defraud. There is not the slightest indication of fraud or the intention to defraud disclosed by the record before us, which indicates just the opposite and, therefore, the petition should be granted and the penalties remitted.